UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

Michael Kors L.L.C.,

                Plaintiff,

   -against-                                   25-cv-01517 (CM)

MKP Fashion, Inc.,

                Defendant.
_____x

**MEMORANDUM DECISION AND ORDER ON OPEN MOTIONS**

McMahon, J.:

This is a trademark infringement lawsuit. Michael Kors, noted fashion designer and owner of a number of widely recognized registered trademarks associated with his products (including clothing and accessories), sues MKP Fashion, Inc., which has allegedly registered competing marks with the Patent and Trademark Office and is manufacturing products using those marks that compete with Plaintiffs' products. In this action, MKP Fashion is represented by the California Law Firm of Braunstein & Braunstein, a Professional Corporation located in Los Angeles, California. Clark Anthony Braunstein, the attorney of record, appears in this Court *pro hac vice*, (*see* ECF No. 29); he is not a member of the Bar of the Southern District of New York.

On May 30, 2025, the Clerk of Court entered a Certificate of Default in this matter. (*See* ECF No. 33).

Presently before the Court are the following motions:

1. Defendant's Motion to Dismiss the Complaint, (ECF No. 34), which is opposed by Plaintiff;

2. Defendant's Motion to Set Aside the Clerk's Certificate of Default, (ECF No. 36), which is opposed by Plaintiff;

3. Plaintiff's Cross Motion to Strike Defendant's Motion to Dismiss, (ECF No. 39), which is opposed by Defendant; and

4. Plaintiff's Cross Motion for Entry of a Default Judgment, (ECF No. 41), which is opposed by Defendant.

I have been advised that Plaintiff has filed administrative proceedings to cancel the registration of Defendant's marks[1] with the United States Patent and Trademark Office's Trademark Trial and Appeals Board ("TTAB"), which proceedings have been suspended by the Board on Plaintiff's motion pending a final determination of this lawsuit.

The motions can be swiftly disposed of, and without the need for any lengthy opinion.

Yes, Defendant is technically in default for failing to move or answer within 30 days of service. However, in the Second Circuit, defaults are disfavored "and are reserved for rare occasions." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). "[W]e have 'a strong preference for resolving disputes on the merits.'" *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). This is manifestly NOT one of those rare occasions deserving of a default.

This case was commenced on February 21, 2025. Defendant made manful efforts to evade service, but at a hearing held on April 22, this Court orally authorized alternative service, (*see* ECF No. 20), – a decision memorialized in a written order dated May 28, 2025, (*see* ECF No. 26). Apparently service was effected on the basis of the oral order. Defendant's California counsel

---

[1] Cancellation No. 92085346 (parent), 92085352 and 92085367.

petitioned for admission to this Court *pro hac vice* on May 21, 2025 (*see* ECF No. 22) – which was with 30 days of service (service had not been effected prior to the April 22 hearing) and before the Court's order authorizing alternative service was formally entered on the docket (*see* ECF No. 26). *Pro hac vice* status was needed so that Defendant's chosen attorney could respond to the Complaint, so counsel did exactly the right thing. But he made some sort of technical mistake, and the original filing was stricken for a filing error. (*See* ECF No. 22). No sooner had the error been identified on the docket than counsel refiled the motion (*See* ECF No. 28). Indeed, the motion was refiled on May 28, 2025, the very same day that the order authorizing alternative service was docketed.

Nonetheless, on May 29, 2025, Plaintiff filed a Proposed Clerk's Certificate of Default in this case (*see* ECF No. 30), which was ministerially entered by the Clerk (there is no Court involvement in this process) the very next day, May 30. (*See* ECF No. 33). This was literally the day after the *pro hac vice* motion was granted by the Court. (*See* ECF No. 29). Moreover, on that very same day (May 30), Defendant filed its Motion to Dismiss. (*See* ECF No. 34). Plaintiff complains that this motion was filed prior to the filing of any motion to set aside the Clerk's Certificate of Default, but the two things happened simultaneously; I very much doubt that counsel was aware of the entry of the certificate of default when he filed his client's motion.

There was NO DEFAULT in this case. I realize the parties are very much at odds, and have been for some time, and are jockeying for position, and perhaps counsel do not relate to one another in a thoroughly professional way. But in this Circuit, as Plaintiff's counsel should be aware, any default judgment I might enter on the above-recited facts would be set aside as an abuse of discretion. Any sensible lawyer would have recognized as much and would not have wasted both

the Court's time and his/her client's money by peppering me with default judgment motions and the like that had no chance whatsoever of being granted.

The motion to set aside the Clerk's Certificate of Default is GRANTED and the Certificate of Default entered at ECF No. 33 is stricken from the record. The Plaintiff's motion for a default judgment is DENIED, as is its Motion to Strike the Motion to Dismiss.

Having chastised Plaintiff's counsel for filing obviously meritless motions, I now do the same to Defendant's counsel. For the reasons outlined in Plaintiff's brief, Defendant's motion to dismiss is utterly lacking in merit, and it is DENIED for those reasons. I do not intend to waste my time writing a lengthy opinion that simply regurgitates Plaintiff's arguments; anyone who wants to know why the motion was denied can simply read the brief at ECF No. 40.

That takes care of the pending motions.

It does not, however, take care of all outstanding matters.

On June 25, 2025 counsel for Plaintiff alerted the Court to the possibility that Defendant's counsel had cited cases in his reply briefs (ECF Nos. 47 and 48) that did not include the quoted language attributed to them or failed to support the legal propositions for which they were cited. (*See* ECF No. 49). I had previously been alerted by Plaintiff's counsel to the fact that the TTAB had admonished counsel for Plaintiff for similar mis-citations. (*See* ECF 44-1, Ex. A). Moreover, Plaintiff's counsel had also noted the citation to non-existent authority in Mr. Braunstein's original briefs (*see* ECF Nos. 40 at 1-2; 42 at 14).

In response to the filing at ECF No. 44, Mr. Braunstein – the only attorney admitted to this court *pro hac vice* – contended that he had nothing to do with, and had not authorized the filing of,

4

the papers before the TTAB containing the non-existent citations of law (although he admitted that the attorney who did file the papers was associated with his law firm). (*See* ECF No. 46)

The Court has reviewed the allegedly defective citations identified in ECF No. 49. In several instances, the cases identified do not include the quoted language attributed to them,[2] which suggests the possible use of Artificial Intelligence by Mr. Braunstein without checking references against the originals – an unacceptable practice. In other instances, however, the quotations or citations appear to be accurate,[3] or are reasonably accurate paraphrases of what appears in the cited case.[4]

And whether the quotations are accurate or not, the principles of law for which the cases are cited are well settled and not at all inaccurate – in short, there does not appear to have been any effort to mislead the Court.

I do not know what was said in the papers that were submitted to the TTAB – papers containing mis-citations that were obviously of a different order of magnitude than the ones pointed out in ECF No. 49. To my mind, this issue has been blown entirely out of proportion by Plaintiff's counsel – consistent with their blowing the purported "default" in this case totally out of proportion. Had this been a serious breach, I would have required Mr. Braunstein to show cause

---

[2] For example, we could not find the following quotation in the cited case, *Shah v. New York State Dept. of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999): "*Moreover, there is a strong preference in the Second Circuit for district courts 'to resolve any doubts regarding vacatur of a default in favor of a trial on the merits.*"

[3] The following sentence from Defendant's brief accurately quotes from *Gucci Am., Inc. v. Gold Ctr. Jewelry*, 158 F.3d 631, 635 (2d Cir. 1998): "In short, a default is willful only if it is '*egregious*' or deliberate for instance, where a party '*defaulted deliberately*' or acted in bad faith by flouting court orders."

[4] Although the words "*reasonable doubt*" do not appear in *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90 (2d Cir. 1993), the following sentence from Defendant's brief is sufficiently supported by the citation to *Enron Oil*, 10 F.3d 90 at 95: "In sum, if there is any reasonable doubt as to whether a default should be vacated, the scales tip in favor of vacatur so that the case can be heard on its merits."

why his *pro hac vice* admission should not be revoked. In the circumstances, I simply remind him that he appears in this case by leave and grace of the court; he has no other right to be heard here. I expect every lawyer who appears before me – and who, by signing papers, vouches for their accuracy – to read every case in full before s/he calls it to my attention, and to quote from a case accurately and completely. I further remind Mr. Braunstein that he personally, and his law firm, are responsible for the actions of any attorneys they employ in connection with this matter – no matter the nature of that attorney's association (or lack of same) with the Braunstein firm.

As far as I am concerned, all open matters are closed. The parties have ten business days to provide the Court with a discovery schedule.

## CONCLUSION

The Clerk of Court is directed to remove the motions at ECF Nos. 34, 36, 39 and 41 – all of which except the motion at ECF No. 36 have been DENIED – from the Court's list of open motions. The motion at ECF No. 36 is GRANTED; the Clerk is directed to strike the Clerk's Certificate of Default at ECF No. 33 as improvidently entered.

This constitutes the decision and order of the court. It is a written decision.

Dated: July 30, 2025

_____
U.S.D.J.

BY ECF TO ALL COUNSEL